UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                        Plaintiff,

  -against-                                      1:03-CV-1468
                                                  (LEK/DRH)

JANICE M. CASTINE, Administratrix of the
Estate of Richard Castine; KEESEVILLE
NATIONAL BANK N/K/A EVERGREEN
BANK N.A.; DEPARTMENT OF SOCIAL
SERVICES OF THE COUNTY OF CLINTON;
and "JOHN DOE #1" through "JOHN DOE
#10" inclusive, such names being fictitious and
unknown to Plaintiff, the persons or parties
intended being tenants, occupants, persons,
corporations, or other legal entities, if any,
having or claiming an interest in or lien upon
the premises described in the complaint,

                       Defendants.
_____

## MEMORANDUM-DECISION AND ORDER

**I.    Background**

This action is brought on behalf of Farm Service Agency, formerly known as Farmers Home Administration ("Administration"), United States Department of Agriculture, an agency of the United States. Complaint (Dkt. No. 1) at ¶ 2.

On or about August 16, 1982, the Administration loaned Richard Castine ("Mr. Castine") $96,500.00 plus interest at a rate of 13.25% per annum. Id. at ¶ 3. Mr. Castine duly executed and delivered to the Administration a promissory note in which he agreed to pay that aggregate sum in certain equal annual payments. Id. At the same time, Mr. Castine duly executed and delivered a

1

mortgage to the Administration, in which he mortgaged three parcels of land as collateral security for the loan. Id. at ¶ 5; Mortgage (Dkt. No. 1, Sch. A). The mortgage was duly recorded in the Office of the County Clerk of the County of Clinton on August 16, 1982. Complaint (Dkt. No. 1) at ¶ 5. The mortgage was modified to reduce the interest rate to 5.00% and recorded on November 3, 1988. Id. at ¶ 6. The mortgage provides that the whole of the principal sum and all other sums secured by the mortgage shall become due and payable at the option of the Administration upon default. Id. at ¶ 8.

Defendant Janice M. Castine ("Ms. Castine") is the Administratrix of the Estate of Richard Earnest Castine, who died on December 21, 2001. Castine Aff. (Dkt. No. 8) at ¶ 1. The Administration claims that Ms. Castine has failed to comply with certain provisions and conditions of the promissory note and mortgage by failing to make payments of principal and interest, and by failing to make payments to bring the loan current. Complaint (Dkt. No. 1) at ¶ 9. The Administration has elected, then, to declare the entire unpaid balance of the principal immediately due and payable, which it calculates as being $349,514.89. Id. at ¶ 10. Ms. Castine has failed to pay the accelerated debt. U.S. Memo. (Dkt. No. 7) at 3.

The United States commenced the instant foreclosure proceeding by filing a complaint with the Court on December 10, 2003. Complaint (Dkt. No. 1). A notice of pendency was filed with the Clinton County Clerk's office on March 3, 2004. Notice (Dkt. No. 2); U.S. Memo. (Dkt. No. 7) at 3. In this action, the United States requests that (1) the mortgaged property be foreclosed and that each Defendants' interest in such property be extinguished; (2) the mortgaged properties be sold as one parcel; (3) the proceeds from such sale be brought to court to pay the amount due on the promissory note with interest plus various expenses; and (4) Ms. Castine be adjudged to pay the

unsatisfied debt after the application of the proceeds. Complaint (Dkt. No. 1) at ¶ 17. Currently before the Court is the United States' motion for summary judgment. U.S. Motion (Dkt. No. 7).

**II.    Discussion**

   **A.    "John Doe" Defendants**

In its complaint, the United States includes ten "John Doe" Defendants who may have an interest in the mortgaged properties that are the subject of this action. Complaint (Dkt. No. 1). The United States determined during service of process that there are no individuals, save the three named Defendants, that have an interest in the mortgaged properties. U.S. Memo. (Dkt. No. 7) at 4. Thus, the United States' motion to dismiss "John Doe #1" through "John Doe #10" without prejudice is granted.

   **B.    Default Judgment**

Defendants Keeseville National Bank n/k/a Evergreen Bank N.A. ("Keeseville") and the Department of Social Services of the County of Clinton ("D.S.S.") have thus far failed to appear in this action. Keeseville was served on March 15, 2004 and its answer was due on April 5, 2004. Keeseville Aff. of Serv. (Dkt. No. 4). D.S.S. was served on March 8, 2004 and its answer was due on March 29, 2004. D.S.S. Aff. of Serv. (Dkt. No. 5).

Pursuant to Local Rule 55.2, for the entry of a default judgment by the court or the clerk, a party must present, *inter alia*, a clerk's certificate of entry of default. L.R. 55.2. Local Rule 55.1 states that the application for a certificate of entry of default requires an affidavit showing that "(1) a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend the action as provided by the Federal Rules of Civil Procedure and (2) the pleading to which no response has been made was properly served." L.R. 55.1.

3

Several pages into its memorandum in support of its summary judgment motion, the United States states that "[r]equest is simultaneously herewith being made by Plaintiff to the Clerk of this Court to enter the default of said defendants." U.S. Memo. (Dkt. No. 7) at 5. No such request has been filed separately. Although the requirements of Local Rule 55.1 may have been met by piecing together statements made in the numerous affidavits submitted by the United States, there is no affidavit speaking solely and specifically toward the default of these two Defendants. It is not the duty of the Clerk to search through memoranda and affidavits to find such a request, and then to locate the facts supporting it. Should the United States wish to seek a certificate of entry of default from the Clerk, it should submit a separate application in accordance with Local Rule 55.1.

### C. Summary Judgment

Federal Rule of Civil Procedure 56 provides that summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In applying this standard, courts must "'resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment.'" Brown v. Henderson, 257 F.3d 246, 251 (2d Cir. 2001) (quoting Cifra v. Gen. Elec. Co., 252 F.3d 205, 216 (2d Cir. 2001)).

Once the moving party meets its initial burden by demonstrating that no material fact exists for trial, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (citations omitted). The nonmovant "must come forth with evidence sufficient to allow a reasonable

jury to find in her favor." Brown, 257 F.3d at 251 (citation omitted).  Bald assertions or conjecture unsupported by evidence are insufficient to overcome a motion for summary judgment.  Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991); W. World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir. 1990).

"Summary judgment is often an appropriate mechanism for the resolution of mortgage foreclosure actions."  United States v. Paugh, 332 F. Supp. 2d 679, 680 (S.D.N.Y. 2004).  To sustain a mortgage foreclosure action, three elements must be established: "(1) the proof of the existence of an obligation secured by a mortgage; (2) a default on that obligation by the debtor; and (3) notice to the debtor of that default."  Id.  Once a plaintiff establishes such a *prima facie* case, that plaintiff is entitled to a judgment of foreclosure unless the defendant makes an affirmative showing of a bona fide defense to the mortgage.  See id.; see also Northeast Sav., F.A. v. Rodriguez, 553 N.Y.S.2d 490, 492 (3rd Dept. 1990).

Through its memoranda, affidavits, and exhibits, the United States satisfied those three elements constituting a *prima facie* case for foreclosure and sale.  The affidavits in support of the motion for summary judgment of Nancy L. New ("New"), Chief of the Farm Loan Program of the Farm Service Agency, and Douglas M. Fisher, Esq., along with the attached copies of the mortgage documents are sufficient to establish the existence of an obligation secured by a mortgage.  New Aff. (Dkt. No. 7) at ¶ 5; Fisher Aff. (Dkt. No. 7) at ¶¶ 6, 7; Mortgage (Dkt. No. 1, Sch. A).  Those two affidavits, as well as New's reply affidavit and attached exhibits, indicate that both Mr. Castine and Ms. Castine defaulted on the obligation, and that they were given notice of that default.  New Aff. (Dkt. No. 7) at ¶¶ 6, 19, 25; New Reply Aff. (Dkt. No. 10) at ¶¶ 6, 7; Account Statements (Dkt. No. 10, Ex. B).

Ms. Castine does not make an affirmative showing sufficient to overcome the United States' *prima facie* case. In her answer, she denies or claims to lack knowledge about several of the United States' allegations and sets forth six affirmative defenses in a conclusory fashion. Answer (Dkt. No. 6). Her memorandum and accompanying affidavits in opposition to the United States' motion for summary judgment present no information that would provide a defense to this foreclosure action.[1] There are no facts presented, and no arguments made, that even suggest that foreclosure is not warranted in this case. Thus, the United States' motion for summary judgment for foreclosure and sale is granted.

Ms. Castine notes in her memorandum that the United States did not provide a detailed calculation showing how the Administration determined the amount due and owing, but rather only stated the total principal and interest due through January 3, 2005. Castine Memo. (Dkt. No. 8) at 5. She claims that without such a calculation, it is impossible for her to determine whether any amounts received by the Administration were properly applied to the mortgage or what sums were included in the principal amount. Id. at 5-6. In the United States' reply, an affidavit by New provides a more detailed calculation as well as copies of relevant documents. New Reply Aff. (Dkt. No. 10). Because these figures were not provided with the United States' original memorandum, when Ms. Castine had the opportunity to respond to them, the Court will not grant summary judgment as to the precise amount due and owing to the United States. This issue is hereby referred to the designated magistrate judge for a determination. See, e.g. RTC Mortgage Trust 1995-S/N1 v. Polymer Realty, Inc., 1996 WL 689281, at *6 (S.D.N.Y. Nov. 27, 1996).

---

[1] At this juncture, Ms. Castine only appears to dispute the precise amount due and owing to the United States, and whether the mortgaged properties should be sold as one parcel. Castine Memo. (Dkt. No. 8) at 4.

Ms. Castine also claims that, contrary to the United States' assertion in its first memorandum, the mortgaged properties should be sold as three separate parcels. Castine Memo. (Dkt. No. 8) at 7. She states that the encumbered properties are three separate parcels at three separate locations. Id. She also contends that no party would be harmed by the parcels being sold separately, and that it would result in the greatest possible return. Id. In its reply, the United States consents to the sale of the three parcels "one immediately after another at a single sale in any order that the Defendant and this Court consider most beneficial to the parties." Fisher Aff. (Dkt. No. 10) at ¶ 7. As there is no dispute between the parties as to this issue, the parcels will be sold separately. The details of such sale, including the order of the sale of the parcels, is also referred to the designated magistrate judge.

### III.   Conclusion

Based on the foregoing discussion, it is hereby

ORDERED, that the United States' motion to dismiss the ten "John Doe" Defendants ("John Doe #1" through "John Doe #10") without prejudice is **GRANTED**; and it is further

ORDERED, that the United States' request for an entry of default as to Keeseville and D.S.S. is **DENIED** without prejudice; and it is further

ORDERED, that the United States' motion for summary judgment for foreclosure and sale is **GRANTED**; and it is further

ORDERED, that the determination of the amount due and owing to the United States is referred to the designated magistrate judge; and it is further

ORDERED, that the details of the foreclosure and sale, including the order of the sale of the parcels, is referred to the designated magistrate judge, and it is further

ORDERED, that the Clerk serve a copy of this order on all parties.

DATED: April 13, 2005
       Albany, New York

*/s/ Lawrence E. Kahn*
Lawrence E. Kahn
U.S. District Judge